UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICARDO SABHA

    Plaintiff;

    v.                      **Judge:**

AMERICA EXPRESS CENTURION;      **Case No: 9:11cv80884**

    Defendants.

_____/

## ORIGINAL COMPLAINT

Comes now, the Plaintiff, RICARDO SABHA (hereinafter the "Plaintiff"), on behalf of himself and by and through undersigned counsel, who files this original complaint against the Defendant, AMERICAN EXPRESS CENTURION (hereinafter "AMEX") in support thereof would state the following:

## JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq., as amended, (hereinafter referred to as the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 15 U.S.C § 1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

3. The Defendant AMEX is a business entity that regularly conducts business and collection activity in the State of Florida and, as such, is a citizen of the State of Florida.

## VENUE

4. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

a. At all times material hereto, the Defendants were and continue to be corporations engaged in business activities in Palm Beach County, Florida and as such are citizens of the State of Florida.

5. The Plaintiff, is an individual residing in Palm beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681 et seq.

### FACTS COMMON TO ALL COUNTS

6. The Plaintiff is an "individual consumer" as defined by the FDCPA and is alleged to have incurred a financial obligation for primarily personal purpose, or more specifically an alleged outstanding credit card account subsequently assigned to Defendant CFG.

7. The Plaintiff opened a AMEX credit card on behalf of his business, Surge Solutions Group, Inc., a Florida Corporation. (hereinafter "SSGI").

8. The Plaintiff was not the personal guarantee on the account.

9. The Plaintiff, as a majority shareholder, sold its shares of the publicly traded company relinquishing all responsibilities involve the outstanding account.

10. Although the Plaintiff sold its shares in SSGI and was not a personal guarantee on the corporate accounts the accounts showed up on the Plaintiff's personal credit report and therefore was treated as a consumer debt.

11. On or about March 15, 2011 the undersigned counsel sent a certified letter to disputing the debt as this debt was associated with SSGI not the Plaintiff.

12. AMEX replied on June 24, 2011 stating that the Plaintiff was responsible for the corporate debt and provided a copy of a Card member agreement which was dated March 31, 2011 well after the time when the Plaintiff took out the card.

13. The Defendant AMEX has failed to conduct a reasonable investigation and make the corrections required by 15 U.S.C. § 1681i.

14. The Plaintiff has been damaged as a direct and proximate cause of all of the Defendants AMEX;s actions.

15. Plaintiff has suffered damage to his credit worthiness.

16. Plaintiff has further been damaged because this misleading information and/or errors provided by AMEX have impaired his ability to build his credit worthiness and to obtain new financial lending.

17. Furthermore the adverse reporting has caused AMEX to cancel his personal credit card.

18. As a direct result of said errors, Defendant AMEX have misinformed third parties as to the status of this account.   Defendants have reflected credit information which is incorrect, inaccurate, misleading and/or false.

## COUNT I

## VIOLATIONS OF THE FCRA – 15 U.S.C. §§ 1681, et seq., as amended, by Defendant AMEX

19. Plaintiff re-alleges and incorporates paragraphs 1-26 above as if fully stated herein.

20. The Defendant "credit reporting agencies" willfully and/or negligently violated the provisions of the FCRA on multiple occasions in the following manner:

   a. By willfully and/or negligently failing to follow reasonable procedures in the preparations of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing to disclose the nature and substance of all information in it's file on the Plaintiff at the time of the requests in violation of 15 U.S.C. § 1681g(a).

   c. By willfully and/or negligently failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation, in violation of 15 U.S.C. § 1691i(a).