UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:11-CV-80891-KLR

RICARDO SABHA,

    Plaintiff,

vs.

AMERICAN EXPRESS CENTURION BANK,

    Defendant,
_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, AMERICAN EXPRESS CENTURION BANK ("American Express"), by and through the undersigned counsel, and files this Motion to Dismiss Plaintiff's Complaint, and as grounds thereof states as follows:

## PRELIMINARY STATEMENT

Defendant, American Express, by and through its attorneys, respectfully submits this Memorandum of Law in support of its motion for an order (1) granting American Express' Motion to Dismiss Plaintiff's Complaint; and (2) granting American Express any further relief as this Court deems just and proper.

Plaintiff's cause of action for violation of the Fair Credit Reporting Act ("FCRA") must be dismissed as a matter of law. The FCRA expressly imposes only two duties upon entities such as American Express, who furnish information to consumer reporting agencies. The first duty American Express has under the FCRA is to report information to the credit reporting agencies accurately. However there is no private cause of action for any alleged violation of that duty, and therefore, Plaintiff could not have any claim as a matter of law under the FCRA.

The second duty American Express has under the FCRA is to conduct an investigation concerning disputed charges. It is well settled that this second duty arises only after the defendant gives notice to the consumer reporting agency, which in turn gives notice to American Express. Plaintiff does not have a

claim under this section either because he did not notify any <u>consumer reporting agency</u>, as required under the FCRA, to dispute any information provided to them by American Express, and/or no consumer reporting agency ever notified American Express of any such dispute. Consequently, Plaintiff's Complaint does not state a cause of action under the FCRA, and should be dismissed as a matter of law. Thus, American Express' Motion to Dismiss Plaintiff's Complaint must be granted in its entirety as set forth in more detail below.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### STANDARD OF LAW

Plaintiff's Complaint should be dismissed as a matter of law under Fed.R. Civ.P. 12(b)(6), for failure to state a cause of action upon which relief can be granted. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544.

### ARGUMENT

#### Plaintiff's Complaint Should Be Dismissed for Failure to State a Cause of Action Under the Fair Credit Reporting Act.

The FCRA imposes two duties upon furnishers of information to consumer reporting agencies, which are codified at 15 U.S.C. §§1681s-2(a) and (b). <u>Redhead v. Winston & Winston, P.C.</u>, 2002 WL 31106934 (S.D.N.Y.) at *4. The first duty American Express has under the FCRA, at 15 U.S.C. §§1681s-2(a), is to report accurate information to the credit reporting agencies. However, as shown below, there is no private right of action for any alleged violation of that duty. The second duty American Express has under the FCRA, at 15 U.S.C. §§1681s-2(b), is to conduct an investigation concerning disputed charges. However, <u>this duty arises only after notice</u> is received <u>from a consumer reporting agency, not the defendant</u>. In the case at bar, since the allegations contained in Plaintiff's Complaint do not indicate the requisite notification by Plaintiff to any consumer reporting agency of any disputed information provided

to it by American Express, nor any consumer reporting agency ever notifying American Express of any such dispute, Plaintiff has no cause of action under 15 U.S.C. §§1681s-2(b).

### A. There Is No Private Cause Of Action Under 15 U.S.C. §1681s-2(a)

In 1996, Congress passed the Consumer Credit Reporting Reform Act of 1996. Public Law No. 104-208, 110 Stat. 3009 (September 30, 1996). These amendments limited the consumer's right to sue, thus disallowing private causes of actions. Under Nelson v. Chase Manhattan Mortgage Corp. (9th Cir. 2002) 282 F.3d 1057, 1060, the court expounded that "Congress did not want furnishers of credit exposed to suit by any and every consumer dissatisfied with the credit information furnished." Consequently, the duties imposed under section 1681s-2(a) of the FCRA are enforceable only by federal or state government agencies. 15 U.S.C. § 1691s-2(d); *Nelson, supra,* 282 F.3d at 1059-1060. Additionally, according to 15 U.S.C. § 1691s-2(d) *Limitation on Enforcement,* Subsection (a) of this section shall be enforced exclusively under §1681s of this title by the Federal agencies and officials and the state officials identified in that section.

Specifically, 15 U.S.C.A §1681s-2(d) provides as follows:

> Subsection (a) of this section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.

Under 15 U.S.C. §1681s-2(a), those who report information must report accurate information. Under no circumstances, however, can a claimant bring an action under this section because there is no private right of action, even if it were violated (which American Express denies). The FCRA clearly limits the enforcement of 15 U.S.C. §1681s-2(a), to government agencies and officials. Redhead, 2002 WL 31106934 (S.D.N.Y.) at *5; Riley v. General Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1320 (S.D. Al. 2002); Bank One, N.A. v. Colley, 294 F. Supp. 2d 864, 870 (M.D. La 2003); Fino v. Key Bank of New York, 2001 WL 849700 (W.D. Pa 2001) at *4. Accordingly, Plaintiff has no cause of action for any alleged violation of 15 U.S.C. §1681s-2(a).

### B. Plaintiff Did Not Notify Any Consumer Reporting Agency of a Dispute and Plaintiff Did Not Allege Facts Demonstrating Notice Was Given.

Any claim by Plaintiff under 15 U.S.C. §1681s-2(b) must fail because he did not fulfill the conditions required by the statute to impose a duty upon American Express. A claim under 15 U.S.C. §1681s-2(b) will arise only after a dispute is filed with a consumer reporting agency and notice is thereafter received from that consumer reporting agency about the dispute. Redhead, 2002 WL 31106934 at *5; Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631 (5th Cir. 2002). After receiving notice, the furnisher must then investigate the disputed information. 15 U.S.C. §1681s-2(b).

Specifically, **15 U.S.C. § 1681s-2(b)** provides, in relevant part, as follows:

> After receiving notice [from a consumer reporting agency] pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . . .

**15 USC 1681(i)** sets forth an extensive investigation procedure, which requires the Consumer to promptly notify disputes to furnishers of information, specifically under 15 USC 1681(i)(2). By failing to meet the notice requirements set forth under 15 USC 1681(i), Plaintiff will fail to state a cause of action required under 15 USC 1681s-2(b).

Specifically, **15 USC 1681(i)(a)(2)**, as mentioned above, provides, in relevant part, as follows:

> (A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.
>
> (2) Prompt notice of dispute to furnisher of information

Under Knudson v. Wachovia Bank, N.A., *513 F. Supp. 2d 1255, 1258 (M.D. Ala. 2007)*, the court dismissed the consumer's 15 U.S.C. §1681s-2(b) claim since the consumer failed to allege facts demonstrating that the requisite notice was given. This condition precedent required under the *Knudson* holding was never complied with by the Plaintiff in the instant action. Plaintiff's Complaint

contained no allegations identifying Defendant as the furnisher of information. Furthermore, Plaintiff failed to notify <u>any consumer reporting agency</u>, as required under 15 U.S.C. §1681i, that he disputed any information provided to them by American Express, and no consumer reporting agency ever notified American Express of any such dispute. Plaintiff's letter to Defendant attached as an exhibit to the Complaint was insufficient notice under 15 U.S.C. § 1681s-2(b), because it was not sent to a consumer reporting agency, and did not meet the required reporting guidelines of 15 USC 1681(i)(a)(2).

Similarly, the court in <u>Allmond v. Bank of America</u>, 2008 U.S. Dist. Lexis 4788 (M.D. Fla. January 23, 2008), followed the ruling under the *Knudson* case by dismissing Plaintiff's complaint. The Court in *Allmond* found that since Plaintiff's Complaint was "completely devoid of allegations addressed to notice, his Complaint fails to state a claim against the Bank of America defendants under §1681s-2(b)." Therefore, under the prevailing case law and the clear language of the code itself, Plaintiff in the instant case failed to meet the strict notice requirement of §1681s-2(b), and, as such, fails to state a cause of action upon which relief can granted.

### C. Plaintiff Failed to Define Defendant's Role under 15 USC 1681(a).

Plaintiff's Complaint fails to comport with 15 USC §1681(a) which expressly identifies the definitions of parties regarding reporting of a consumer debt. More specifically, Plaintiff's Complaint fails to define how the Act is applicable to Defendant. Furthermore, the Complaint does not contemplate any distinction between a "credit reporting agency" and a "furnisher of information." As such, Defendant is unable to properly respond the Complaint as alleged in this regard.

### CONCLUSION

Based upon the foregoing, Plaintiffs Complaint against Defendant for an alleged violation of

the FCRA does not set forth a valid cause of action upon which relief can be granted. Thus, American Express' Motion to Dismiss of Plaintiff's Complaint should be granted in its entirety, and the case should be dismissed with prejudice as a matter of law.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order dismissing Plaintiff's Complaint.

HENSCHEL & BEINHAKER, P.A.
Attorney for Defendant
4060 Sheridan St., Suite C
Hollywood, FL 33021
(954) 964-4780

By: _____
DREW BEINHAKER
FBN: 0163538

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11 day of October, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record identified below:

1. RICHARD CAREY, ESQ., Attorney for Plaintiff, CAREY LAW GROUP, P.A., 801 NORTH POINT PKWY, WEST PALM BEACH, FL 33407-1973