UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 11-CV-80891-RYSKAMP/VITUNAC

RICARDO M. SABHA,

    Plaintiff,

v.

AMERICAN EXPRESS
CENTURION BANK,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS COMPLAINT

**THIS CAUSE** comes before the Court on defendant American Express Centurion Bank's ("AMEX") motion to dismiss the complaint for failure to state a claim **[DE 17]** filed on October 11, 2011. Plaintiff Ricardo Sabha filed a response in opposition **[DE 20]** on November 7, 2011. Defendant has not filed a reply, and the time to do so has expired. This matter is ripe for adjudication.

**I.    Plaintiff's Allegations**

Plaintiff's complaint **[DE 1]** contains one count against AMEX for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* According to the complaint, Plaintiff opened a credit card account with AMEX on behalf of his business, Surge Solutions Group, Inc. Plaintiff alleges that he is not a personal guarantor of the account, but that the account appeared on his personal credit report as a consumer debt when it should be considered a corporate debt. On or about March 15, 2011, Plaintiff's counsel sent a letter to AMEX disputing Plaintiff's personal liability for the debt. On or about June 24, 2011, AMEX replied stating that Plaintiff is indeed responsible for the corporate debt and provided Plaintiff with a copy of the credit card agreement.

1

According to Plaintiff, AMEX violated sections 1681g(a) and 1681i(a) of FCRA by negligently or willfully "failing to follow reasonable procedures in the preparations of the consumer report concerning the Plaintiff and to assure maximum possible accuracy of the information in the report"; "failing to disclose the nature and substance of all information in [AMEX's] file on the Plaintiff at the time of the requests"; and "failing to delete incomplete and inaccurate information on the Plaintiff's file after conducting an investigation." **[DE 1]** at 3.

AMEX moves to dismiss Plaintiff's complaint on the grounds that there is no private right of action under section 1681s-2(a), and that Plaintiff's claim under section 1681s-2(b) fails because Plaintiff did not provide AMEX with written notice of his dispute. AMEX further argues that the complaint must be dismissed because it does not contain any allegations regarding whether AMEX is a credit reporting agency or a furnisher of information under FCRA.

## II.    Legal Standard

In order to state a claim for relief, the federal rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not accept the plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**III.   Analysis**

In order to ensure the confidentiality and accuracy of consumer credit information, FCRA imposes certain duties upon consumer reporting agencies and persons who furnish information to such agencies. 15 U.S.C. § 1681. Under section 1681g(a), upon the request of a consumer, a consumer reporting agency ("CRA") is required to "clearly and accurately" disclose all information in the consumer's file. If the consumer disputes the completeness or accuracy of any item of information contained in the file, and the consumer notifies the CRA of such dispute, the CRA is required to conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate. *Id.* § 1681i(a)(1)(A). The CRA is also required to provide notice of the dispute to the person who furnished the disputed information. *Id.* § 1681i(a)(2). The furnisher of the disputed information must then conduct its own investigation and report the results back to the CRA. *Id.* § 1681s-2(b). If the CRA's investigation reveals any information to be inaccurate, incomplete, or unverifiable, the CRA must promptly modify the information as appropriate or delete it from the consumer's file. *Id.* § 1681i(a)(5)(A). The CRA must also provide the consumer with written notice of the reinvestigation results within five days of completion. *Id.* § 1681i(a)(6)(A).

FCRA expressly provides that any person who negligently or willfully fails to comply with any of its requirements "with respect to any consumer" is liable to that consumer for actual damages, or, in the case of a willful violation, statutory damages of up to $1,000. *Id.* §§ 1681n(a), 1681o(a). "That with these words Congress created a private right of action for consumers cannot be doubted." *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). "That right is to sue for violation of any requirement 'imposed with respect to any consumer.'" *Id.* Plaintiff thus has

standing to bring this action.[1]  The issue is whether Plaintiff's complaint sufficiently states a FCRA claim against AMEX.

First and foremost, the complaint must establish that AMEX is an entity subject to the requirements of FCRA.  The complaint contains claims only under sections 1681g and 1681i, which pertain to CRAs.  Although the Court may reasonably infer that Plaintiff intended to allege that AMEX is a CRA, the complaint must still contain sufficient facts supporting this allegation.  A CRA is defined as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).  Here, the complaint merely alleges that Plaintiff opened a business credit card with AMEX, and that the credit card account showed up on Plaintiff's personal credit report.  The complaint does not indicate whether the credit report was created or provided by AMEX, or whether another entity created the credit report at issue.  Plaintiff has thus failed to establish that AMEX is a CRA.  In fact, according to Plaintiff's opposition brief, the credit report was actually created by TransUnion, a CRA who is not party to this action, and AMEX merely furnished TransUnion with the disputed information.  *See* **[DE 20]** at 1.  If this is true, and AMEX is actually a furnisher of information rather than a CRA, AMEX cannot be held liable under sections 1681g and 1681i.

Even assuming AMEX is subject to the requirements of sections 1681g and 1681i, Plaintiff has failed to establish that AMEX did not fulfill its duties.  The duty to provide a consumer with his

---

[1] AMEX is correct in that private rights of action are excluded under section 1681s-2(a), which prohibits a person from knowingly furnishing inaccurate consumer information to a CRA.  *See id.* (citing 15 U.S.C. §§ 1681s-2(c), (d)).  *See also Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 370 (11th Cir. 2009).  Actions under this section are to be enforced exclusively by federal agencies and officials and certain state officials.  *Id.*  However, Plaintiff does not allege a cause of action under section 1681s-2(a).  Plaintiff brings this action under sections 1681g and 1681i (applicable only to CRAs), which do permit private rights of action.

entire file arises only after the consumer has made such a request. *See* 15 U.S.C. § 1681g(a). Plaintiff does not allege that he requested his file from AMEX. Rather, the complaint alleges only that Plaintiff sent AMEX a letter disputing his personal liability for the credit card debt. Furthermore, Plaintiff's conclusory allegations that he is not personally liable for the debt are insufficient to establish that the information provided by AMEX was incomplete or inaccurate, or that AMEX did not conduct a reasonable investigation into the disputed information. The complaint does not contain any facts regarding what information beyond the credit card agreement AMEX possessed but failed to disclose. Nor does the complaint contain any facts indicating that the copy of the card agreement provided to Plaintiff (which presumably contains a provision making Plaintiff personally liable for the debt) is invalid or otherwise unenforceable. The complaint merely contains a vague insinuation that the agreement is invalid because it is dated "well after the time when the Plaintiff took out the card." **[DE 1]** at 2. Plaintiff has thus has failed to establish that AMEX violated the requirements of sections 1681g or 1681i.

**IV.  Conclusion**

The Court has carefully considered the motion, response, applicable law, and pertinent portions of the record. For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that AMEX's motion to dismiss Plaintiff's complaint **[DE 17]** is **GRANTED** for failure to state a claim under FCRA. If Plaintiff wishes to file an amended complaint, he shall do so within 21 days from entry of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 30 day of December, 2011.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

5